B. J. WILSON & COMPANY *et al.*, plaintiffs in error, *vs.* WILLIAM A. WILKINS, defendant in error.

Where the evidence is conflicting, and no error of law is committed, the discretion of the superior court in refusing a new trial, will not be controlled.

New trial. Before Judge GIBSON. Burke Superior Court. November Term, 1873.

For the facts of this case, see the decision.

L. E. BLECKLEY; H. H. PERRY, for plaintiffs in error.

A. M. RODGERS, for defendant.

WARNER, Chief Justice.

The plaintiffs ruled the defendant, as an attorney at law, in the court below, for money which they alleged he had collected for them from Connelly and retained. The defendant, in his answer, alleged that he was entitled to the amount of money retained in his hands as fees due him for professional services. The plaintiffs traversed the answer of defendant,

Wilson & Company *et al.* *vs.* Wilkins.

on the trial thereof, the jury, under the charge of the court, found a verdict for the defendant. A motion was made for a new trial, on the ground that the verdict was contrary to law, contrary to the evidence, and strongly and decidedly against the weight of the evidence, and for error in the charge of the court, which motion was overruled, and the plaintiffs excepted.

It appears from the evidence in the record that the plaintiffs placed a large claim in the hands of defendant for collection against Connelly, and that defendant also had in his hands a large claim of Miller for collection against Connelly. That defendant, with the consent of the plaintiffs, negotiated a settlement with the respective parties in relation to their claims, whereby Miller became the purchaser of Connelly's land, and paymaster to the plaintiffs for $10,000 00. All parties are willing to abide by the settlement made, and the only question in dispute at the trial was as to the amount of fees retained by the defendant for his trouble and expense in negotiating the settlement. There is a good deal of evidence in the record in relation to the insolvent condition of Connelly, the character of the plaintiffs' and Miller's claims, and as to the labor and professional services of the defendant, and the value thereof in effecting the settlement. In relation to the value of the defendant's professional services the evidence was conflicting. The charge of the court complained of is as follows: "That the court could see nothing wrong (provided it was done in good faith) in an attorney acting as the friend of all parties in getting up a settlement and preventing litigation; that an attorney may, in a settlement, lawfully represent the claims of opposing creditors, if he acts fairly and in good faith, and especially may he so act with the knowledge of the creditors." We see nothing in this charge of the court which could have injured the plaintiffs' case, although there is not much law in the first part of it, and might well have been omitted. The alleged error in the charge of the court is merely *colorable* to evade the repeated rulings of this court in not interfering with the verdicts of juries when the evidence is conflicting, and there is sufficient evidence in the re-

cord to support the verdict. In looking through the evidence contained in this record we find no error in overruling the motion for a new trial.

Let the judgment of the court below be affirmed.